UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
AVIS BUDGET CAR RENTAL, LLC,

                Plaintiffs,

      - against -

JD2 ENVIRONMENTAL, INC., GEMSTAR
CONSTRUCTION CORPORATION, and
GEOTRACK, INC.,

                Defendants.         **MEMORANDUM & ORDER**
-------------------------------------------------------x         12-CV-5010 (PKC)
JD2 ENVIRONMENTAL, INC. and
GEMSTAR CONSTRUCTION
CORPORATION,

                Third-Party Plaintiffs,

      - against -

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY and GEOTRACK, INC.,

                Third-Party Defendants.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      On March 28, 2016, this Court issued a Memorandum and Order denying Avis Budget Car Rental, LLC's ("Avis") motion for summary judgment in its entirety. (Dkt. 119 (the "Order").) Avis now moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") and Local Civil Rule 6.3 ("Local Rule 6.3"). The sole issue presented in Avis's motion is whether two erroneous references in the Order to Richard Hart being an Avis employee, rather than a project manager for JD2 Environmental Inc. ("JD2"), alter the Court's denial of summary judgment. These two references, however, were merely clerical errors and in no way alter the Court's decision. For this and other reasons set forth below, the Court denies

Avis's motion for reconsideration, but issues, *sua sponte*, an Amended Order correcting these clerical errors, pursuant to Federal Rule of Civil Procedure 60(a) ("Rule 60(a)").

## DISCUSSION[1]

### I. STANDARD OF REVIEW

#### A. Avis's Motion Is Procedurally Defective

Avis moves for reconsideration under both Local Rule 6.3 and Rule 59(e).[2] Neither provision, however, applies here.

At the outset, any motion under Local Rule 6.3 is untimely. As Avis concedes, Local Rule 6.3 provides that motions for reconsideration must be served within fourteen days after the entry of a court order. E.D.N.Y. Local Civ. R. 6.3. The Court issued its Order on March 28, 2016 and Avis's motion for reconsideration was filed on April 25, 2016, well outside the permissible fourteen-day period.

Avis responds that Local Rule 6.3 has a "carve[]-out" for motions under Rule 59. (Dkt. 122 ("Pl.'s Reply") at 2.)[3] Even if this carve-out exists, Avis's argument fails because Rule 59(e) does not apply to non-appealable orders, such as the denial of summary judgment.[4] Rule 59(e) applies to "motion[s] to alter or amend a *judgment*," which, under Rule 54, is defined as a

---

[1] The parties' familiarity with the background of this case is assumed. The Court previously set forth, in detail, the underlying facts and procedural history of this case in its Order, and they will not be reiterated herein except as needed for discussion of the instant motion.

[2] Tellingly, Avis argues that the mistaken references to Hart's employer affect many of the Court's holdings *against* Avis, but none of the holdings in Avis's *favor*.

[3] All page references correspond to page numbers generated by the Electronic Court Filing ("ECF") system, and not the document's internal pagination.

[4] This principle applies with equal force to an order that partially denies or grants summary judgment. Unless the entire case is dismissed, judgment does not issue.

decree or order "*from which an appeal lies*." Fed. R. Civ. P. 59(e), 54(a) (emphasis added); *see also Marchisotto v. City of New York*, No. 05 CIV. 2699, 2009 WL 2229695, at *3 (S.D.N.Y. July 27, 2009) (Rule 54(a) "clearly defines the word 'judgment' . . . to mean 'a decree and any order from which an appeal lies[]'"). It thus follows that Rule 59(e) does not apply to cases where summary judgment is denied because "[t]he denial of summary judgment ordinarily is an interlocutory order that it not immediately reviewable, because it is not a final decision under 28 U.S.C. § 1291." *Catone v. Spielmann*, 149 F.3d 156, 159 (2d Cir. 1998) (collecting cases). Here, because the order that Plaintiff asks the Court to reconsider is interlocutory, *i.e.*, one that did not result in a "judgment," Rule 59(e) does not apply. *See J.C. Penney Corp. v. Carousel Ctr. Co., L.P.*, 5:02-CV-1360, 2009 WL 3246794, at *3 (N.D.N.Y. Oct. 6, 2009) (noting that Rule 59(e) "does not provide for the review of interlocutory orders). Thus, for these procedural reasons alone, Avis's motion should be denied.

      B.      **Court's Inherent Power to Modify Its Interlocutory Orders**

The Court, however, "has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *J.C. Penney Corp.*, 2009 WL 3246794, at *3 (citations and quotations omitted). The grounds for reconsideration are an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotation omitted). "The standard for granting [a reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "It is well-settled that

[a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quotations and citation omitted).

    C.    **AVIS'S MOTION FOR RECONSIDERATION**

Even if Avis's motion for reconsideration is deemed timely, it still must be denied. Avis's overarching argument is as follows: the Court erred because, after a full review of the record, it mistakenly believed that Hart—an employee of JD2—was employed by Avis. According to Avis, this alleged error caused the Court to credit certain admissions by Hart against Avis instead of JD2 and to wrongly deny Avis summary judgment on its breach of contract, negligence, breach of express warranty, and contractual indemnification claims. Avis's motion, however, is wholly without merit. Although the Order twice refers incorrectly to Hart working for Avis instead of JD2, these erroneous references were not substantive, but clerical, and did not affect the Court's decision to deny summary judgment.

The clerical nature of the Court's mistake is made clear by a reading of the Court's 39-page Order in its entirety. As Avis acknowledges, the Order contains other instances where the Court cited to Hart's testimony as either an admission by *JD2* or a statement *on behalf of JD2*. (*See, e.g.,* Order at 4 ("... JD2 'didn't know where the underground utilities were located[.]' (Hart Tr. 79:17-21)"), 4 ("According to JD2, it added these disclaimers to 'indicat[e] to [Gemstar] that there may be unknown utilities underneath the ground of the work area[.]' (Hart Tr. 86:5-9.)"). Despite this, Avis contends that there "are . . . only two references to Mr. Hart in the body of the Order and each consistently and incorrectly refers to Mr. Hart as an Avis employee." (Pl.'s Reply at 3.) This is simply false. In fact, the Order contains an explicit

4

reference to Hart being a project manager for JD2. (Order at 7 (referring to "JD2's project manager Richard Hart").)[5] The Court's multiple accurate attributions of Hart as an employee of JD2 undercut Avis's argument that the two inaccurate references were anything more than clerical errors.

Furthermore, the context surrounding the two clerical mistakes reveals their ministerial and non-substantive nature. The first time Hart is identified as an Avis employee, the Court cites as authority Avis's 56.1 statement, which accurately identifies Hart as a JD2 employee. (Order at 3.) It is thus evident that the Court was fully aware that Hart was an employee of JD2, but mistakenly identified him in the body of the Order as an Avis employee.

Avis's argument regarding the Court's second reference to Hart as a project manager for Avis fares no better. The second erroneous reference occurred in the following discussion of Avis's negligence claim:

> Here, for many of the same reasons discussed with respect to Plaintiff's breach of contract claim, reasonable minds could differ as to whether JD2 breached its duty to exercise reasonable care with respect to the Avis Project. For example, *although Avis argues that "JD2 has conceded that its job . . . was to obtain utility drawings," Avis's own project manager, Richard Hart, testified that he believed that it was "not standard" for an overseeing contractor such as JD2*, to "request drawings on underground facilities" because "typically a utility mark-out company has to be called prior to digging."

(Order at 19 (emphasis added).)

Based on the Court's erroneous reference to Hart as "Avis's own project manager," Avis argues that the Court erroneously held Hart's statement against Avis as an admission. (Pl.'s Br. at 7.) However, this is simply incorrect. By referencing Hart's testimony, the Court was explaining that Avis's argument that "JD2 ha[d] *conceded* that its job . . . was to obtain utility

---

[5] The Court is troubled that Avis omitted this explicit reference to Hart being a JD2 employee from its briefing, and, in effect, mischaracterized the Order to support its motion.

5

drawings" was undermined by Hart's testimony, *on behalf of JD2*, that it was "not standard" for JD2 to do so. (Order at 19 (emphasis added).) Thus, that sentence was supposed to have read: "For example, although Avis argues that 'JD2 has conceded that its job . . . was to obtain utility drawings,' *JD2's* own project manager, Richard Hart, testified that he believed that it was 'not standard' for an overseeing contractor such as JD2, to 'request drawings on underground facilities' because 'typically a utility mark-out company has to be called prior to digging.'" Thus, replacing "Avis's own project manager" with "JD2's own project manager" accurately conveys the Court's intended meaning.[6] Accordingly, the Court makes clear that when the Order was issued, the Court accurately considered the alleged "admissions" by Hart as attributable to JD2, and based on that and other evidence, concluded that sufficient issues of fact existed to preclude summary judgment for Avis.[7]

### D. RULE 60(a)

Rule 60(a) provides in relevant part that:

> [t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

"[T]he purpose of Rule 60(a) is to afford courts a means of modifying their judgments in order to ensure that the record reflects the actual intentions of the court and the parties; the Rule

---

[6] Indeed, the result would have been the same whether Hart worked for Avis or JD2: there is a genuine issue of material fact as to whether JD2's failure to request utility drawings constituted a breach of duty to Avis, and this issue, among others, precludes summary judgment for Avis on its negligence claim.

[7] To the extent Avis argues that the Court reached an improper conclusion as to Avis's other claims because it did not properly attribute Hart's testimony to JD2 or incorrectly attributed such testimony to Avis, the Court rejects this contention for the same reason. As discussed, contrary to the two typographical errors in the Order regarding Hart's employment, the Court was fully aware that Hart worked for JD2, and considered his testimony accordingly with respect to all of the parties' claims.

is not meant to provide a way for parties to relitigate matters already decided[.]" *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). Rule 60(a) allows "the correction not only of clerical mistakes, but also of inadvertent errors arising from oversight or omission." *In re Marc Rich & Co. A.G.,* 739 F.2d 834, 836 (2d Cir. 1984) (quotation and citation omitted). Thus, "[a] motion under Rule 60(a) is available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made." *Hodge v. Hodge,* 269 F.3d 155, 158 (2d Cir. 2001) (quotation marks and citation omitted)). The Second Circuit has explained that the "heart of the distinction between an error that is correctable under Rule 60(a) and one that is not is that a correction under Rule 60(a) cannot alter the substantive rights of the parties, but rather may only correct the record to reflect the adjudication that was actually made." *Dudley ex rel. Estate of Patton v. Penn–America, Ins. Co.,* 313 F.3d 662, 675 (2d Cir. 2002) (citation omitted).

There are two erroneous references to Hart as an employee of Avis, instead of JD2, in the Court's March 28, 2016 Order. As explained above, these references are clerical in nature, and changing the word "Avis" to "JD2" does not in any way alter the substantive rights of the parties. Thus, the Order will be amended to reflect Hart's employment with JD2 in those two instances. This change "correct[s] the record to reflect the adjudication that was actually made." Accordingly, an amended order will issue following this Order.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for partial reconsideration pursuant to Local Rule 6.3 and Rule 59(e) is denied in its entirety, but the Court *sua sponte* issues an amended order pursuant to Rule 60(a).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 13, 2016
      Brooklyn, New York