UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

AVIS BUDGET CAR RENTAL, LLC,

               Plaintiff,

  - against -

JD2 ENVIRONMENTAL, INC., GEMSTAR
CONSTRUCTION CORPORATION, and
GEOTRACK, INC.,

               Defendants.

**Not for Publication**
**Order**
Case No. 12-cv-5010 (PKC)

-------------------------------------------------------X

JD2 ENVIRONMENTAL, INC.,

               Third-Party Plaintiff,

  - against -

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY and GEOTRACK, INC.,

               Third-Party Defendants.

-------------------------------------------------------X

GEMSTAR CONSTRUCTION
CORPORATION,

               Third-Party Plaintiff,

  - against -

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY and GEOTRACK, INC.,

               Third-Party Defendants.

-------------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

        By Order dated August 11, 2017, the Court granted in part and denied in part motions *in limine* filed by Defendant JD2 Environmental, Inc. ("JD2") and Defendant Gemstar Construction Corp. ("Gemstar") seeking to find Third-Party Defendant the Port Authority of New York and New Jersey ("Port Authority") vicariously liable for the negligence of Defendant Geotrack, Inc. ("Geotrack") as a matter of law. (*See* Dkt. 197.)

> Among other things, the Order held:
>
> > New York General Business Law § 763 imposes a nondelegable duty on utility operators—here, the Port Authority—to accurately and with due care designate the location of their underground facilities upon receipt of a notification effective under the one-call notification system established in Article 36 of the New York General Business Law, N.Y. Gen. Bus. Law §§ 760-67. Accordingly, to the extent the Port Authority's contractor, Geotrack, failed to discharge the Port Authority's mark-out duty under § 763, the Port Authority is vicariously liable, as a matter of law, for any damages that proximately resulted from that failure.

(Dkt. 197 at 3.)

However, in light of the last-minute nature of the motions *in limine* on which the Order ruled, the Court also invited the Port Authority, "if it has a good faith basis on which to do so, to submit a motion for reconsideration of this order to the extent it rests on the finding that the Port Authority is an 'operator' within the meaning of § 763." (Dkt. 197 at 19.) On August 14, 2017, the Port Authority submitted a motion for reconsideration of the Order. (Dkt. 202.) Consequently, the Court informed counsel during trial that they should proceed with the presentation of evidence at trial with the expectation that, at the close of trial, the question of whether the Port Authority is the "operator" of the sewage line at issue in this action will be submitted to the jury for determination. Defendants JD2 and Gemstar submitted responses in opposition to the Port Authority's motion on August 21, 2017 (Dkts. 211 & 212.)

In an abundance of caution, the Court hereby GRANTS the Port Authority's motion for reconsideration and VACATES the August 11, 2017 Order to the extent it held as a matter of law that the Port Authority was the "operator" of the sewer line in question within the meaning of New York General Business Law § 763. This ruling should not be construed as an indication of the Court's view on the viability of, and is without prejudice to any party moving under Federal Rule of Civil Procedure 50 for, a directed verdict on the issue of the Port Authority's status as the "operator" of the sewer line in question. However, the Court instructs the parties to submit

proposed jury instructions on the "operator" issue no later than 12:00 noon tomorrow, August 23, 2017. Counsel should also be prepared to discuss those proposed instructions along with other pending issues related to the jury instructions during the upcoming charge conference.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 22, 2017
　　　　Brooklyn, New York