UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

AVIS BUDGET CAR RENTAL, LLC,

               Plaintiff,

    - against -

JD2 ENVIRONMENTAL, INC., GEMSTAR
CONSTRUCTION CORPORATION, and
GEOTRACK, INC.,

               Defendants.

--------------------------------------------------------X

JD2 ENVIRONMENTAL, INC.,

               Third-Party Plaintiff,

    - against -

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY and GEOTRACK, INC.,

               Third-Party Defendants.

--------------------------------------------------------X

GEMSTAR CONSTRUCTION
CORPORATION,

               Third-Party Plaintiff,

    - against -

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY and GEOTRACK, INC.,

               Third-Party Defendants.

--------------------------------------------------------X

**<u>Order re: Jury Instructions</u>**
Case No. 12-cv-5010 (PKC)

PAMELA K. CHEN, United States District Judge:

      On August 16, 2017, the Court distributed to the parties a set of draft jury instructions (Dkt.

205) and invited the parties to submit objections and comments to the instructions, as well as to

brief specific issues identified by the Court in footnotes in the draft instructions. This Order

addresses the objections and legal arguments raised by the parties' submissions.[1]  Together with this Order, the Court has distributed a revised set of draft jury instructions (Dkt. 214), a blackline showing revisions made to the version last distributed (Dkt. 214-1), and a draft verdict sheet (Dkt. 214-2), which will serve as the basis for the final charge conference in this action.

1. **JD2's Indemnification Cross-Claim against Geotrack.**  JD2 has requested that "its cross-claim against Geotrack [for Contractual Indemnification] be included in the List of Claims presented to the Jury."  (Dkt. 206 at ECF 2.)  As JD2 notes, JD2 asserted this cross-claim in its Answer to the Second Amended Complaint.  (Dkt. 43 at 11.)  However, JD2 neither listed this cross-claim against Geotrack in its list of claims and defenses in the Pre-trial Order, nor provided any proposed jury instructions on this cross-claim.  (*See* Dkt. 158 at 10-12; Dkt. 199.)[2] Accordingly, no instruction will be given on any "contractual indemnification" cross-claim by JD2 against Geotrack.

2. **Third Parties' and Avis's Comparative Fault with Respect to Avis's Breach of Contract Claim against JD2.**  Regarding Avis's claim against JD2 for breach of contract, Avis argues that "a third-party's negligence is not an excuse or defense to a breach of contract, either in terms of causation or otherwise."  (Dkt. 208 (Avis Br.) at 3.)  Avis argues further that its own "'comparative negligence' [is not] a defense to a breach of contract."  (*Id.* at 4.)  In the context of this case, the Court understands these arguments as follows.  Avis contends that if the jury finds in favor of Avis on its breach of contract claim against JD2, then the jury should award damages

---

[1] Certain parties have also proposed minor revisions and line edits to the draft jury instructions.  The Court has variously accepted and rejected those comments as it found appropriate.  This Order does not provide a separate explanation for each of its decisions with respect to such comments.  The parties may raise any objections to the revised draft jury instructions during the charge conference.

[2] In any event, it is unclear how JD2 could assert such a contractual indemnification claim against Geotrack, given the absence of any contract between the two parties.

to Avis on that claim (i) without apportionment of fault, if any, to any third party, and (ii) without considering the comparative fault, if any, of Avis. For the following reasons, the Court disagrees with Avis and holds that the doctrines of comparative fault (as to Avis) and contribution by apportionment (as to other parties) both apply to Avis's breach of contract claim against JD2.

Avis and JD2 agree that New Jersey law applies to the contract between them. (Dkt. 208 (Avis Br.) at 2 ("New Jersey law . . . applies to the contract between Avis and JD2."); Dkt. 206 (JD2 Br.) at ECF 4 ("The contract contains a choice of law provision, which selects New Jersey as the controlling jurisdiction.").) Under New York choice-of-law rules, which apply in this diversity action, *see Thea v. Kleinhandler*, 807 F.3d 492, 497 (2d Cir. 2015) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)), "[contractual] [c]hoice of law provisions apply to substantive issues, and matters of procedure are governed by the law of the forum state." *FIA Leveraged Fund Ltd. v. Grant Thornton LLP*, 56 N.Y.S.3d 12, 18 (N.Y. App. Div. 2017). The question of whether comparative fault applies to Avis's claim for breach of contract is a substantive issue. *See FIA*, 56 N.Y.S.3d at 18; *see also Cobalt Multifamily Inv'rs I, LLC v. Shapiro*, 857 F. Supp. 2d 419, 434 (S.D.N.Y. 2012) ("[I]n this Circuit, the law governing an affirmative defense to a claim is the same as the law governing the claim itself." (citing *Lazard Freres & Co. v. Protective Life Ins. Co.,* 108 F.3d 1531, 1540-41 (2d Cir. 1997))). The issue of comparative fault as to Avis's claim for breach of contract, therefore, is controlled by New Jersey law. *See ibid.*

Under New Jersey law, "[l]osses caused by a breach of contract can be subject to comparative fault principles, as in tort causes of action," particularly where the claim for breach of contract "parallels" a claim based on negligence. *Fid. & Deposit Co. of Maryland v. Stamateris*, 2011 WL 2981853, at *7 (N.J. Super. Ct. App. Div. July 25, 2011) (citing *Dunn v. Praiss,* 656 A.2d 413 (N.J. 1995), *Johnson v. American Homestead Mortg. Corp.,* 703 A.2d 984 (N.J. Super.

Ct. App. Div. 1997), and *Giri v. Rutgers Casualty Ins. Co.,* 641 A.2d 1112 (N.J. Super. Ct. App. Div. 1994); *Velop, Inc. v. Kaplan*, 693 A.2d 917, 930-31 (N.J. Super. Ct. App. Div. 1997); *Scottsdale Ins. Co. v. Weiner*, 2010 WL 445649, at *7 (D.N.J. Feb. 1, 2010). In this case, Avis's claim against JD2 for breach of contract clearly parallels its claim against JD2 for negligence. (*See* Dkt. 166 (Avis's Second Amended Complaint) at ¶¶ 34-39, 49-53.) Avis's claim against JD2 for breach of express warranty likewise parallels its claim against JD2 for negligence. (*See id.* ¶¶ 40-44, 49-53.)

The New Jersey comparative fault principles, to which Avis's breach-of-contract claims are subject, encompass both comparative fault by the plaintiff and comparative fault by other tort-feasors. *See Stamateris*, 2011 WL 2981853, at *7; *Scottsdale*, 2010 WL 445649, at *7. When determining whether Avis's bears any comparative "fault" under New Jersey law, the jury may consider Avis's purported negligence, breach of contract, or both, to the extent the evidence presented at trial warrants such an instruction to the jury. *See* N.J.S.A. § 2A:15-5.2(a)(2) (mandating apportionment of "negligence *or fault*" (emphasis added)); *see also Fernandes v. DAR Dev. Corp.*, 222 N.J. 390, 408, 119 A.3d 878, 888 (2015) ("A jury may consider a plaintiff's negligence only when the evidence adduced at trial suggests that the plaintiff was somehow negligent and that negligence contributed to the plaintiff's damages.").

In light of the applicable case law, the jury will be permitted to determine whether Avis bears any comparative fault with respect to Avis's breach of contract claim against JD2, but only on the basis of Avis's breach of, or failure to perform under, its contract with JD2. This is because there is not a sufficient basis on which to instruct the jury that it may find Avis negligent for "selecting the location of the [Underground Storage Tanks] over the sewer line at issue." (Dkt.

209 (Gemstar Br.) at 4); *see Harris v. O'Hare*, 770 F.3d 224, 238 n.9 (2d Cir. 2014). The revised jury instructions reflect this holding.

3. **Avis's Comparative Negligence with Respect to Its Negligence Claims against JD2, Gemstar and Geotrack.** Avis, JD2, and Gemstar have submitted arguments as to whether an instruction should be given on Avis's "comparative fault" with respect to its negligence claims against JD2 and Gemstar. (Dkt. 206 (JD2 Br.) at ECF 25; Dkt. 208 (Avis Br.) at 16; Dkt. 209 (Gemstar Br.) at 4-5.) As noted above, the Court holds that comparative fault and apportionment apply to Avis's claim against JD2 for breach of contract under New Jersey law, and that the jury will be permitted to determine whether Avis bears any comparative fault with respect to its breach of contract claim. In addition, for the reasons stated below, the Court holds that comparative fault applies to Avis's negligence claims, which are governed by New York law, but that the jury will only be permitted to determine whether Avis bears any comparative fault with respect to its negligence claims based on Avis's breach of, or failure to perform under, its contract with JD2.

Where a plaintiff seeks to recover "purely economic loss" in a "pure breach of contract action," apportionment under the New York contribution statute, NY CPLR § 1401 is not appropriate. *See NYC Sch. Constr. Auth. v. Adam's Eur. Contracting, Inc.*, 2017 WL 2541884, at *2 (N.Y. Sup. Ct. June 12, 2017); *see also Rothberg v. Reichelt*, 293 A.D.2d 948, 949 (N.Y. App. Div. 2002) (holding that apportionment is inappropriate where plaintiff's damages arise exclusively from "the contract[] . . . between the parties and its breach"). However, where a plaintiff asserts both tort and contract claims, the presence of a claim for breach of contract "does not itself" bar apportionment. *See Sommer v. Fed. Signal Corp.*, 593 N.E.2d 1365, 1373 (N.Y. 1992). Instead, to determine whether to allow apportionment of fault as to a plaintiff's negligence claims, the court must examine whether "the breach of duty by the [potentially] contributing party

. . . had a part in causing or augmenting the injury for which contribution is sought." *Raquet v. Braun*, 681 N.E.2d 404, 407 (N.Y. 1997) (quoting *Nassau roofing & Sheet Metal Co. v. Facilities Dev. Corp.*, 523 N.E.2d 803, 805 (1988)). In such cases, "[t]he rule of apportionment applies when two or more tort-feasors have shared, albeit in various degrees, in the responsibility by their conduct or omissions in causing an accident, in violation of the duties they respectively owed to the injured person." *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 557, 593 N.E.2d 1365, 1373 (1992). Furthermore, apportionment by contribution is appropriate "whether or not the culpable parties are allegedly liable for the injury under the same or different theories." *Id.* at 407 (quoting *Nassau*, 523 N.E.2d at 805).

New York courts have consistently held that the phrase "culpable conduct" is "broad enough to encompass not only negligence but also other breaches of legal duties." *Barker v. Kallash*, 91 A.D.2d 372, 378 (N.Y. App. Div. 1983) (quoting 1975 McKinney's Session Laws of New York, p. 1484 (Judicial Conference Report)); *see also Arbegast v. Bd. of Educ. of S. New Berlin Cent. Sch.*, 65 N.Y.2d 161, 168 (1985) ("[W]hat the statute requires comparison of is not negligence but conduct which, for whatever reason, the law deems blameworthy, in order to fix the relationship of each party's conduct to the injury sustained and the damages to be paid by the one and received by the other as recompense for that injury. Comparative causation is, therefore, the more accurate description of the process."); *Mesick v. New York*, 118 A.D.2d 214, 218 (N.Y. App. Div. 1986) ("The phrase 'culpable conduct' refers not only to negligent conduct on the part of a plaintiff, but conduct which, for whatever reason, the law deems blameworthy." (citing *Arbegast*, 65 N.Y.2d at 168)); *see also Integrated Waste Servs., Inc. v. Akzo Nobel Salt, Inc.*, 113 F.3d 296, 300 (2d Cir. 1997) ("Under the statute, liability is split between plaintiffs and defendants based on the relative culpability and causal significance of their conduct. Such cost splitting occurs

even where some or all of the parties involved are free from fault."). "Thus, [the notion of 'culpable conduct'] embraces any action based on breach of duty, whether through negligence, through breach of warranty or predicated upon strict liability, upon a violation of statute giving rise to civil liability or upon intentional misconduct." *Gottesman v. Graham Apartments, Inc.*, 16 N.Y.S.3d 792 (N.Y. Civ. Ct. 2015). Accordingly, when determining whether Avis's bears any comparative "fault" under New York law, the jury may consider Avis's purported negligence, breach of contract, or both, to the extent the evidence presented at trial warrants such an instruction to the jury.

However, the Court finds that while, as previously discussed, the jury will be permitted to determine whether Avis failed to perform under, or breached, its contract with JD2—which may be used to find comparative fault with respect to Avis—there is insufficient evidence to warrant an instruction that the jury may find comparative fault based on Avis's negligence. *See Harris*, 770 F.3d at 238 n.9. The jury charges have been revised to reflect these rulings.

4. **Single Comparative Fault Instruction.** Given its conclusions above in ¶¶ 2-3, the Court finds that the applicable standards of comparative fault (as to Avis) and apportionment (as to joint tort-feasors) are materially the same under New York and New Jersey law. Accordingly, the draft instructions reflect a single instruction on these matters.

5. **JD2's Proposed Limiting Instruction with Respect to Avis's Breach of Contract Claim.** JD2 has requested that the Court issue the following limiting instruction concerning Avis's breach of contract claim against JD2: "The issue of breach of contract is limited solely to Task 1 of the contract[,]" *i.e.*, design of the underground storage tank replacement project. (Dkt. 206 at ECF 3.) The Court finds that JD2's requested instruction is consistent with the Court's

summary judgment ruling on Avis's claim against JD2 for breach of contract.  (*See* Dkt. 126 at 9-14.)  Accordingly, the Court has adopted JD2's proposed instruction.

6.    **Avis's Contractual Indemnification Claim against JD2.**  With respect to Avis's claim against JD2 for contractual indemnification, JD2 argues that "Avis must establish that it is free from negligence before the contractual indemnification/hold harmless clause in its contract with JD2 may be enforced, or demonstrate that it was the express intention of the parties that JD2 indemnify Avis for its own negligence."  (Dkt. 206 at ECF 3-4.)  JD2 further argues that, "if JD2 and another party are also found negligent (while Avis is not found negligent), then JD2 would only be required to indemnify Avis for that portion of liability attributed to JD2 and not the other negligent party."  (*Id.* at ECF 4.)  In response, Avis argues that it is entitled to contractual indemnification from JD2 for all damages that Avis sustained as a result of the ruptured sewer line, so long as the jury finds that Avis's damages were caused at least in part by the negligence of JD2 or any of its agents, employees, or subcontractors.  (Dkt. 208 at 4-6.)

As a preliminary matter, the Court rejects JD2's argument that "Avis must establish that it is free from negligence before the contractual indemnification/hold harmless clause in its contract with JD2 may be enforced"—that is clearly not the law in New Jersey.[3]  *See, e.g.*, *Carvalho v. Toll Bros. & Devs.*, 675 A.2d 209, 215 (N.J. 1996) ("[A] 'hold harmless' construction agreement . . . constitutes a *per se* violation of public policy only if it indemnifies the [indemnitee] for damages . . . caused by or resulting from the *sole* negligence of the indemnitee." (emphasis in original) (quotation marks omitted)).

---

[3] Avis and JD2 agree that New Jersey law, including New Jersey doctrines of anti-indemnification, apply to the contract between Avis and JD2.  (*See* Dkt. 206 (JD2 Br.) at ECF 3-6; Dkt. 208 (Avis Br.) at 11.)

The Court further holds that the indemnification agreement between Avis and JD2 is ambiguous as to whether it covers all damages caused *in whole or in part* by the negligence of JD2 or any of its agents, employees, or subcontractors—as Avis, in effect, argues (Dkt. 208 at 4-6)— or whether it covers damages only *to the extent* caused by the negligence of JD2 or any of its agents, employees, or subcontractors. Under New Jersey law, "the provision is 'strictly construed against the indemnitee.'" *Kieffer v. Best Buy*, 14 A.3d 737, 743 (N.J. 2011) (quoting *Ramos v. Browning Ferris Indus. of S. Jersey, Inc.,* 510 A.2d 1152, 1159 (N.J. 1986)). Construing the agreement against Avis, as the indemnitee, the Court holds that the indemnification agreement between Avis and JD2 covers Avis's damages only *to the extent* a jury finds that those damages were caused by the negligence of JD2 or any of its agents, employees, or subcontractors—in other words, only to the extent a jury apportions fault for Avis's losses to JD2 and Gemstar in this action. *See Mautz v. J.P. Patti Co.*, 688 A.2d 1088, 1093 (N.J. 1997) (holding that, where indemnity agreement covered all losses "to the extent caused in whole or in part by any negligent act or omission of [a contractor] or anyone for whose acts he may be liable," the agreement "seemingly was intended to provide indemnity but only to the extent the [contractor's] negligence contributed to the loss"); *see also Oltmans Constr. Co. v. Bayside Interiors, Inc.*, 215 Cal. Rptr. 3d 918, 925 (Cal. App. Ct. 2017) (similar) (collecting cases).[4]

_____

[4] The Court finds that *Buscaglia v. Owens-Corning Fiberglass*, 172 A.2d 703 (N.J. Super. 1961), *cited* Dkt. 208 (Avis Br.) at 4-5, does not reflect the modern approach to construing indemnity clauses under New Jersey law, as set forth in *Ramos v. Browning Ferris Indus. of S. Jersey, Inc.,* 510 A.2d 1152 (N.J. 1986), and its progeny. *See Kieffer v. Best Buy*, 14 A.3d 737, 743 (N.J. 2011) ("If the meaning of an indemnity provision is ambiguous, the provision is 'strictly construed against the indemnitee.'" (quoting *Ramos*, 510 A.2d at 1159)). The Court also finds that *Leitao v. Damon G. Douglas Co.*, 301 N.J. Super 187 (App. Div. 1997), *cited* Dkt. 208 (Avis Br.) at 5, is distinguishable because the *Leitao* court did not confront the question, which is before the Court here, of whether a third party's negligence—such as negligence by Geotrack or the Port Authority—would comparatively diminish the amount of indemnification to which the indemnitee was entitled. Furthermore, the Court finds that the relevant contract language in *Leitao* is

In light of this holding and the Court's decision to allow the jury to determine Avis's comparative fault for purposes of Avis's breach of contract claim (against JD2) and negligence claims (against JD2, Geotrack, and Gemstar), *see supra*, the Court has determined that Avis's claim against JD2 for contractual indemnity can be decided as a matter of law based on the jury's apportionment of fault, if any, to JD2 and Gemstar. Accordingly, the Court has removed the jury instruction on this claim, since there is no additional finding that the jury needs to make in order for judgment to be issued on this claim.

7. **Implied or "Common Law" Indemnity Claims.** The Court has reviewed the parties' submissions concerning the various claims of implied or "common law" indemnification that have been raised in this action. (*See* Dkt. 206 (JD2 Br.) at ECF 7-9; Dkt. 209 (Gemstar Br.) at 1-2; Dkt. 210 (Port Authority Br.) at 2-3.) The New York Court of Appeals has explained: "Implied, or common-law, indemnity is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other." *McCarthy v. Turner Const., Inc.*, 953 N.E.2d 794, 798 (N.Y. 2011) (quoting *Mas v. Two Bridges Assoc.,* 554 N.E.2d 1257, 1262 (N.Y. 1990)) (brackets omitted). Grounded on the doctrine of "unjust enrichment," a claim for implied indemnity is an equitable one, *see, e.g., City of New York v. Lead Indus. Ass'n, Inc.*, 222 A.D.2d 119, 128–29 (N.Y. App. Div. 1996); *Mauro v. McCrindle*, 70 A.D.2d 77, 80 (N.Y. App. Div. 1979), *aff'd*, 417 N.E.2d 567 (N.Y. 1980), which

---

distinguishable: there, the indemnity provision extended to injuries caused "in whole or in part" by any act or omission of the indemnitor, whereas the indemnity provision between Avis and JD2 ambiguously applies to injuries and damage "caused by" the negligence or intentional misconduct of JD2 or its agents, employees, or subcontractors. Finally, the Court observes that the Court's interpretation of the indemnification agreement between Avis and JD2 does not render the indemnity meaningless, in that the indemnity provision still holds JD2 responsible for the acts of its agents, employees, and subcontractors, and thus overrides the common law principle that "a party who retains an independent contractor . . . is not liable for the independent contractor's negligent acts." *Kleeman v. Rheingold*, 81 N.Y.2d 270, 273 (1993).

"does not entitle a party to a jury trial." *Golden Pac. Bancorp v. F.D.I.C.*, 2002 WL 31875395, at *15 (S.D.N.Y. Dec. 26, 2002), *aff'd sub nom. Golden Pac. Bancorp. v. F.D.I.C.*, 375 F.3d 196 (2d Cir. 2004); *accord SEC v. Commonwealth Chem. Secur., Inc.,* 574 F.2d 90, 95-96 (2d Cir. 1978). Accordingly, the Court holds that all claims for implied or "common law" indemnity in this action shall be adjudicated by the Court in post-trial motions, in a manner consistent with the jury's verdict on all legal claims. *See Chase Manhattan Bank, N.A. v. T&N plc*, 1996 WL 603934, at *1-2 (S.D.N.Y. Oct. 22, 1996). To the extent any party contends that it is entitled to a jury trial on any claim of implied or common-law indemnity, it should object to this portion of the Court's ruling during the charge conference and direct the Court to relevant legal authority.

8. **JD2's Contribution Claims.** JD2 notes that it is not asserting a claim of "negligence" in this action. (Dkt. 206 at ECF 9-11.) JD2 requests that "the jury should be instructed that when they are deliberating on JD2's action for contribution against Gemstar, Geotrack, and the Port Authority, they are to consider whether or not the parties share a responsibility for the same injury." (Dkt. 206 at ECF 11.) The Court has considered JD2's arguments and finds that, in order for JD2 to obtain contribution from Geotrack, Gemstar, or the Port Authority in this action, the party from which JD2 seeks contribution must have been found "subject to liability" for Avis's damages. *See* N.Y. C.P.L.R. § 1401. Although it is "nowhere . . . required that the liability be predicated upon negligence," *Doundoulakis v. Town of Hempstead*, 368 N.E.2d 24, 29 (N.Y. 1977), the liability must be predicated on *some* theory of liability. And given that the only theory of liability that will be presented to the jury as to Geotrack, Gemstar, and the Port Authority is negligence (with the exception of JD2's claim against Gemstar for breach of contract, which the Court will discuss with counsel at the charge conference) the Court finds that it is appropriate to discuss JD2's claims for contribution, to some extent, in terms of

negligence. The revised draft instructions reflect the Court's revisions in this regard. Any objections to the revised instruction should be raised at the charge conference.

9. **JD2's Contractual Indemnity Claim against Gemstar.** JD2 argues that, "[u]nlike Avis's claim for contractual indemnity against JD2, which . . . requires a determination of negligence against JD2, JD2's right to contractual indemnity [against Gemstar] is triggered only upon a loss, liability, damage and/or expense 'connected with the work' performed by Gemstar. *No negligence is required*." (Dkt. 206 at ECF 12-13.) JD2 then argues that the draft jury instructions "erroneously include reference to . . . 'negligence' in Gemstar's promise to indemnify JD2.'" (*Id.* at ECF 13.) The Court agrees in material part with JD2's proposed revisions to address this issue and has revised the instructions accordingly.[5]

10. **Gemstar's Request Regarding Avis's and JD2's Contractual Indemnity Claims.** Regarding the draft instructions concerning Avis's and JD2's claims for contractual indemnity, Gemstar contends that the following statement should be omitted because it is "unclear and unsupported by law": "[I]t does not matter whether any other party may have also contributed in any way to bringing about the loss or whether any other party was also negligent." (Dkt. 209 (Gemstar Br.) at 3.) The Court agrees that this language is not necessary to accurately instruct the jury on the law and, as Gemstar argues, has the potential to confuse the jury. The draft jury instructions have been revised accordingly.

---

[5] The Court notes that JD2's own proposed jury instruction suffered from the very flaws that JD2 now complains about in its brief. (*See* Dkt. 199 at 45-46 ("Instruction No. 2 Contractual Indemnity[:] . . . JD2 has the burden to prove by a preponderance of the evidence that it should be indemnified by Gemstar because it has sustained a loss or losses that Gemstar, Gemstar's employees, agents or other subcontractors caused at least in part though [sic] the negligence of any one of them acting individually or together.").)

11. **Superseding or Intervening Acts of Another Party.** JD2 proposes the following instruction for "superseding or intervening acts of another party": "If you find that a defendant was negligent but that the plaintiff's injuries were caused by the act of another party[,] you may still find a defendant responsible for the plaintiff's injuries, if you also find that a reasonably prudent person in that defendant's situation, before the defendant allegedly committed its act of negligence, would have foreseen that an act of the kind committed by the other party would be a probable result of the defendant's negligence. If you find that a reasonably prudent person would not have foreseen an act of the kind committed by the other party as a probable consequence of a defendant's negligence, then the defendant is not responsible for the plaintiff's injuries and plaintiff may not recover." (Dkt. 206 at ECF 18-19.) This instruction was already included in the draft instructions on "proximate cause" and thus no change is necessary. (*See* Dkt. 205 at 35.)

12. **JD2's Article 36 Liability.** JD2 argues that the provisions of Article 36 of the General Business Law addressing excavation "do[] not apply to JD2" because "JD2 retained Gemstar to perform excavation at the subject site." (Dkt. 206 at ECF 19.) Avis argues that Article 36 of the General Business Law and 16 N.Y.C.R.R. subpart 753 ("Subpart 753") "apply to JD2 because JD2 supervised Gemstar in the performance of excavation work, and all work under JD2's supervision was required to comply with these statutes and regulations." (Dkt. 208 (Avis Br.) at 8.)[6] The Court declines to give the instruction requested by JD2 or to preclude the parties from arguing that JD2 is liable for any failure by Gemstar, as the excavator, to comply with Article 36 or Subpart 753, based on JD2's alleged negligent supervision of Gemstar.

---

[6] The Court notes that no party has addressed whether the duties imposed on "excavators" under Article 36 of the General Business Law are delegable to a subcontractor.

13. **Legal Significance of Statutes and Regulations.**  With respect to the legal significance of a party's violation of a statute or regulation, JD2 and Avis agree that "violation of a State statute that imposes a specific duty constitutes negligence per se," whereas the violation of an administrative regulation "constitutes only evidence of negligence."  (Dkt. 206 (JD2 Br.) at ECF 21; Dkt. 208 (Avis Br.) at 8-9.)[7]  The Court agrees and has revised the draft jury instructions accordingly.

Avis also states that, assuming "JD2 does not assert in its submission that any statute or ordinance would establish negligence per se or some evidence of negligence by Avis or the Port Authority[,] . . . Avis believes that statutes and regulations concerning excavation work and OSHA compliance may be included in a verdict sheet."  (Dkt. 208 (Avis Br.) at 9.)[8]  The Court declines to include any statute or ordinance in the verdict sheet as unnecessary in light of the above instruction that will be given to the jury.

14. **"Negligent Interference".**  JD2 proposes the following instruction concerning negligent "interference" by the Port Authority in Geotrack's work:  "Even though[] the Port Authority did not direct and control the manner or method of performance of [Geotrack's][9] work generally, and . . . [Geotrack] was therefore, an independent contractor, the Port Authority is still responsible for plaintiff's damages if you find that the Port Authority interfered with JD2's work, directed how a part of the work should be done and that such interference was a substantial factor

---

[7] Neither Gemstar nor the Port Authority addressed this issue in their submissions.  (*See* Dkt. 209 (Gemstar Br.); Dkt. 210-1 (Port Authority Br.).)

[8] The other parties have not expressed a position on this issue.

[9] JD2's proposed instructions refer to "JD2" as a subcontractor to the Port Authority.  (Dkt. 206 (JD2 Br.) at ECF 27.)  The Court assumes that this reference was in error and that JD2 intended this proposed instruction to refer to Geotrack as the Port Authority's subcontractor.

in causing the plaintiff's damages." (Dkt. 206 at ECF 27.) Finding no evidentiary basis for this instruction, the Court declines to include it. *See Harris*, 770 F.3d at 238 n.9.

15. **"Proximate Cause" for Purposes of Avis's Breach of Contract Claim against JD2.** Avis argues that "[t]he definition of 'proximate causation' for negligence is not applicable to a breach of contract claim." (Dkt. 208 (Avis Br.) at 1.) As an initial matter, the Court notes that Avis's proposed jury instructions (Dkt. 199; Dkt. 208) seem to contemplate that the jury will not receive any instructions whatsoever on the element of causation for Avis's breach-of-contract and breach-of-warranty claims, despite acknowledging that "Avis has the burden of proving, by a preponderance of the evidence, that it had a contract with JD2, that JD2 breached the contract by not doing what it was required to do, and that Avis sustained damages *resulting from* JD's breach." (Dkt. 199 at 3 (emphasis added).) The Court requests that counsel for Avis be prepared to explain how to instruct the jury on the "causation" element of Avis's claim for breach of contract, if not by using the notion of proximate cause.[10] For now, in keeping with the New Jersey Supreme

---

[10] The Court notes that New Jersey courts routinely use the notion of "proximate cause" when discussing whether damages in a particular case can be recovered based on a claim for breach of contract. *See, e.g.*, *Rothenberg v. Brevard Fin., Ltd.*, 2015 WL 4133333, at *2 (N.J. Super. Ct. App. Div. July 10, 2015); *Time Sys. Int'l Co. v. Datamatics Mgmt. Servs., Inc.*, 2009 WL 2455799, at *7 (N.J. Super. Ct. App. Div. Aug. 12, 2009); *Borough of Berlin v. Remington & Vernick Engs.*, 2014 WL 4649396, at *8 (N.J. Super. Ct. App. Div. Sept. 19, 2014). Furthermore, although the New Jersey Supreme Court suggested in *Totaro* that the doctrine of "proximate cause" should not be considered in breach-of-contract cases, *see Totaro, Duffy, Cannova & Co. v. Lane, Middleton & Co.*, 921 A.2d 1100 (N.J. 2007), the court's analysis in that decision centered entirely around questions of "[whether] the breach [of contract] caused the clients to leave when they did," *id.* at 1109, which was fundamentally a causation-based inquiry. *See also id.* at 1108-09 (finding that damages were recoverable because "[t]he breach was the *impetus* for [the clients] to be lost when [they were]," again relying on the notion of causation to determine which of plaintiff's alleged damages were recoverable). For these reasons, the Court does not believe it would be contrary to New Jersey law to charge the jury that "proximate cause" is a required element of Avis's breach of contract claim. Nevertheless, in an effort to conform the instructions to the New Jersey Supreme Court's decision in *Totaro*, the Court has revised the jury instructions to omit reference to "proximate cause" in connection with claims for breach of contract.

Court's decision in *Totaro, Duffy, Cannova & Co. v. Lane, Middleton & Co.*, 921 A.2d 1100 (N.J. 2007), the draft jury instructions clarify that the doctrine of "proximate cause" does not apply to Avis's claim for breach of contract, and ask the jury to determine whether Avis's damages were a reasonably foreseeable consequence of JD2's breach of contract or breach of warranty.

16. **New York Anti-Indemnity Statute.** JD2 and Gemstar have submitted arguments concerning the New York Anti-Indemnity Statute and whether it applies to the indemnification agreement between JD2 and Gemstar. (Dkt. 206 (JD2 Br.) at ECF 24-25; Dkt. 209 (Gemstar Br.) at 3-4.) Having reviewed the parties' arguments, the Court finds that JD2 and Gemstar do not disagree on the proper application of the New York Anti-Indemnity Statute in this action. Both parties agree that, by operation of the New York Anti-Indemnity Statute, JD2 cannot obtain indemnification from Gemstar for JD2's own negligence. (*See ibid.*) However, despite the parties agreement regarding the application of the anti-indemnity law in this case, the Court declines to instruct the jury on this provision, since no purpose would be served by doing so. The jury is already making the requisite findings in the verdict sheet that will allow for a determination to be made about the application of this statute.

17. **"Inherently Dangerous Activity".** Avis, JD2, and the Port Authority have submitted proposed revisions to the Court's draft instructions on "inherently dangerous activity." (Dkt. 206 (JD2 Br.) at ECF 26; Dkt. 208 (Avis Br.) at 13-16; Dkt. 210-1 (Port Authority Br.) at 6-7.) The Court has revised the draft instruction based on these submissions.

18. **Independent Contract versus Employee.** The Court has considered Avis's and the Port Authority's proposed revisions to the draft instructions concerning the distinction under New York law between an independent contractor and an employee. (Dkt. 208 (Avis Br.) at 12-

13; Dkt. 210-1 (Port Authority Br.) at 5-6.) The Court's corresponding revisions are reflected in the revised draft instructions.

19. **Indemnity Language.** The draft instructions omitted Gemstar's proposed instructions that "[t]he language imposing indemnity must be clear, unequivocal, and certain." The Court invited Gemstar to direct the Court to legal authority for including this instruction, but Gemstar did not do so in its submission to the Court. (*See* Dkt. 209.) Accordingly, the instruction at issue has been omitted from the revised draft instructions.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 22, 2017
　　　　Brooklyn, New York